United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
for the Fifth Circuit*

No. 05-50460
Summary Calendar

SALOME FIERROS,

Plaintiff - Appellant,

v.

TEXAS DEPARTMENT OF HEALTH; ET AL.,

Defendants,

TEXAS DEPARTMENT OF HEALTH

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 5:99-CV-1448

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

The plaintiff in this case, Salome Fierros, sued the Texas Department of Health

(TDH) for retaliation in violation of Title VII. Fierros rejected TDH's offer of judgment for

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$7,500 plus costs and attorney's fees. In an earlier appeal, this court reversed summary judgment in TDH's favor, holding that Fierros stated an actionable claim of retaliation.[1] On remand, TDH stipulated liability, and the case proceeded to a jury trial on compensatory damages. The jury awarded Fierros $5,000 for mental pain and emotional distress and $2,880 for "out-of-pocket expenses." The district court dismissed the claim for out-of-pocket expenses on motion by TDH, which claimed that Fierros failed to plead for out-of-pocket expenses and failed to show that the expenses were medically reasonable and necessary. The district court also denied Fierros's motion for attorney's fees because the judgment Fierros obtained was less than TDH's pre-judgment offer.[2]

On appeal, Fierros challenges the district court's order denying attorney's fees, concluding that the district court erred in calculating the judgment obtained for purposes of determining whether she was entitled to attorney's fees. Specifically, Fierros complains: (1) the compensatory damages award may have been higher if the district court had not limited trial testimony about retaliatory disciplinary actions TDH took; (2) the district court erroneously denied her recovery for out-of-pocket expenses; and (3) the district court failed to include pre-offer attorney's fees and costs in determining the amount of the judgment obtained for purposes of Rule 68, which bars recovery of attorney's fees when the judgment obtained is less than a pre-judgment settlement offer.[3] Fierros concedes that if she does not

---

[1] *Fierros v. Tex. Dep't of Health*, 274 F.3d 187 (5th Cir. 2001).

[2] *See* FED. R. CIV. P. 68.

[3] *Id.*

2

prevail on the first or second issue we need not consider the third issue because the judgment obtained will be less than the pre-offer judgment regardless of whether pre-offer attorney's fees and costs are considered to be part of the judgment obtained for the purposes of a Rule 68 comparison.

In retaliation for filing an EEOC complaint, TDH deprived Fierros of a merit pay increase and subjected her to disciplinary counseling sessions. In our prior decision in this case, we stated that the disciplinary counseling sessions could be used to prove a retaliatory motive.[4] On remand, TDH stipulated to liability, and the case proceeded to trial only on damages. Before the trial, the court asked Fierros about evidence to be submitted. In an informal discussion the district court told Fierros that she could not use evidence of the counseling sessions because there was no need to prove a retaliatory motive, and Fierros agreed. Fierros did not seek a definitive ruling or provide a detailed offer of proof explaining what evidence she would seek to prove during trial. Fierros now complains that evidence of the counseling sessions is pertinent to her compensatory damages. Because there was no definitive ruling on the exclusion of evidence regarding the counseling sessions and because Fierros failed to make an offer of proof, Fierros did not adequately preserve any error.[5]

Fierros also appeals the district court's failure to award the out-of-pocket expenses found by the jury. TDH argued that Fierros failed to plead for out-of-pocket expenses and failed to prove that the expenses were medically reasonable and necessary. The district court

---

[4]*Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 196 (5th Cir. 2001).

[5]*See* FED. R. EVID. 103.

held that even if Fierros's claim for out-of-pocket expenses was supported by the pleadings, Fierros failed to present sufficient evidence.

We review the district court's grant of a motion for judgment as a matter of law *de novo*.[6] We apply federal standards of review to assess the sufficiency or insufficiency of the evidence in relation to the verdict, but in doing so we refer to state law for the evidence that "must be produced to support a verdict."[7] To recover out-of-pocket medical expenses in Texas, a plaintiff must present evidence that the expenses incurred were reasonable and necessary.[8] Mere testimony from the plaintiff alone is not enough.[9]

At trial, Fierros testified that she had spent approximately $1,200 on co-payments for three prescription medications as well as between $20 and $30 a month in co-payments for psychiatrist and physician visits. On cross-examination, however, Fierros admitted that two of the three prescriptions were for conditions that predated the retaliatory actions and were unrelated although allegedly exacerbated. Fierros also admitted that an unknown number of the physician visits were due to recurring allergies and sinus infections and that an unknown number of the psychiatrist visits were for an unrelated incident involving her sister. Other than her own testimony, Fierros did not present any evidence of the out-of-pocket expenses she allegedly incurred, and she submitted no evidence that the expenses incurred were

---

[6]*Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1042 (5th Cir. 1998).

[7]*Hamburger v. State Farm Mut. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (quoting *Ayres v. Sears, Roebuck & Co.*, 789 F.2d 1173, 1175 (5th Cir. 1986)).

[8]*Id.* at 884.

[9]*Id.*

4

reasonable or necessary. Even if Fierros's pleadings requesting "other and further relief as the Court may deem just and proper" are a sufficient prayer for out-of-pocket expenses, a question we need not decide, Fierros failed to submit evidence that the expenses incurred were medically reasonable or necessary.

Because Fierros has not prevailed on the first two issues, we do not consider Fierros's argument that her pre-offer attorney's fees and costs should have been included in the judgment for purposes of a Rule 68 comparison. Thus the district court's judgment is affirmed in all aspects.

AFFIRMED.